Opinión de conformidad en parte y disidente en parte emitida por el
Juez Asociado Señor Fuster Berlingeri.
Estoy conforme con toda la normativa pautada por el Tribunal mediante la opinión mayoritaria en el caso de autos. En particular, coincido plenamente con los pronunciamientos de la mayoría respecto al alcance y los propósitos de la Ley Núm. 92 de 31 de marzo de 2004, y en cuanto a la naturaleza y significado de los llamados “RFP” (requerimientos de propuestas) y sus diferencias en comparación con el procedimiento de subasta tradicional. Coincido también con lo indicado en la opinión de la mayoría del Tribunal respecto a la revisión judicial de las decisiones de las agencias emitidas al amparo de un procedimiento de re *627 querimiento de propuesta, y a la aplicabilidad a éste de lo dispuesto en la Sec. 3.19 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU).
Con lo que no estoy de acuerdo es con el dictamen ex-presado en el último párrafo de la opinión mayoritaria de de que sería prematuro resolver de una vez la controversia concreta del caso de autos. En su opinión la mayoría del Tribunal le intima a los peticionarios lo fatídico de su pro-ceder en este caso, al hacer hincapié en que la facultad que le concede la citada Ley Núm. 92 es “extraordinaria”, y al advertirle claramente que el mecanismo de los RFP “no puede convertirse en patente de corso para el dispendio de los fondos públicos”. En mi criterio, sin embargo, la mayoría debió ir más lejos para resolver de una vez que en el caso de autos no se dan las circunstancias necesarias para decretar un estado de emergencia que permita dispensar del proceso de subasta formal para la adquisición de los vehículos en cuestión.
En su opinión, la mayoría del Tribunal le da luz verde a la Autoridad de Acueductos y Alcantarillados (AAA) para que concluya el proceso de adjudicar la subasta negociada del caso de autos. Deja pendiente determinar si en este caso fue lícito utilizar dicho mecanismo de subasta negociada —RFP— hasta que la referida subasta haya concluido, si es que alguien con la legitimación activa necesaria la cuestiona entonces.
En mi criterio, sin embargo, puede resolverse ya que la AAA no estaba justificada en declarar aquí un estado de emergencia para obviar el proceso de subasta tradicional. No surge en este caso, de modo alguno, cuáles eran las obligaciones ambientales concretas de la agencia que estaban en riesgo inminente de ser incumplidas si no se adquirían los vehículos en cuestión sin una subasta tradicional. Ciertamente, no surge el riesgo apremiante con respecto a *628 ias Plantas 301(h) que el legislador específicamente señaló como justificación para crear el mecanismo de los RFP.
En este caso se trasluce con claridad que se ha reclamado por la agencia un innominado estado de emergencia como subterfugio para soslayar la subasta tradicional. Aunque la mayoría del Tribunal atisba e intima tal subterfugio, se queda corta en resolver lo que procede, que sería anularlo. Como no comparto aquí las reservas de la mayoría por terminar de adjudicar este asunto, yo disiento de esta parte del dictamen mayoritario.